IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIUS FERRAN,

        Plaintiff,

vs.                                                      No. CIV 99-996 MV/RLP

RIO GRANDE FOREST PRODUCTS,
an Idaho Corp. and PHILLIP VALDEZ,
its employee,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court for consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint **[Doc. No. 9]**. The Court, having considered all briefs, relevant law and being otherwise fully advised, finds that the Motion to Dismiss is not well taken and will be **DENIED**.

## FACTUAL BACKGROUND

Plaintiff initiated this action by filing his Complaint for Recovery of Damages on September 2, 1999. The initial complaint named as defendants Joe A. Martinez, a New Mexico Police Officer, and Michelle L. Wykoff, an Assistant District Attorney in the First Judicial District of New Mexico. On October 28, 1999, plaintiff moved to amend the complaint and add as defendants Rio Grande Forest Products and its employee, Philip Valdez. The Court entered its Order on November 2, 1999 permitting amendment and the joinder of the Rio Grande defendants. On November 3, 1999, the plaintiff filed the amended complaint, and two summons were issued

1

on that date directed to defendants Rio Grande Forest Products and Phillip Valdez. On November 3, 1999, plaintiff also requested waiver of service of the defendants pursuant to FED. R. CIV. P. 4. Defendants did not respond to this request.

On December 10, 1999, plaintiff and the state employed defendants filed a Joint Stipulated Motion to Dismiss with Prejudice.  The Stipulated Motion recited that the parties "move for dismissal of this cause with prejudice."  The parties further recited that "they have resolved the matters at issue in the complaint."  The motion makes no mention of the Rio Grande defendants, the amended complaint, or the status of any claims against the Rio Grande defendants.  Rather, the motion states that the parties, by and through their respective undersigned counsel...move for dismissal of this cause with prejudice."  Counsel for Plaintiff and the state employed defendants joined in the motion.  Counsel for Rio Grande Forest Products and Philip Valdez did not join in this motion to dismiss. On December 17, 1999, the Court entered its Order of Dismissal with Prejudice stating that "this action be hereby and is dismissed with prejudice."  Again, the Order did not refer to the Rio Grande defendants.

On February 3, 2000, plaintiff sent a summons and complaint to a process server in Espanola in order to save money on mileage.  Plaintiff's counsel had never previously employed this process server.  After failing to receive prompt notification of service of process, counsel's office called the process server, whereupon service was completed, on March 3 -- 121 days after the amended complaint was filed.

## DISCUSSION

Defendants Rio Grande and Phillip Valdez now move to dismiss plaintiff's complaint on the grounds that the Court dismissed the entire action with prejudice on December 17, 2000.  The

2

Court is not persuaded by defendants' argument. The Motion that accompanied the order of dismissal stated that "the parties, by and through their respective undersigned attorneys, hereby move for dismissal of this cause with prejudice." Counsel for the Rio Grande defendants did not join this motion, nor could they have since they had not yet been served with the Complaint. Although the Order of Dismissal submitted by the parties could have been more artfully drafted, it is clear to the Court that they intended to dismiss only the state defendants who had joined the Motion to Dismiss. Moreover, from reviewing the civil docket, it does not appear to the Court that this case was closed, given there was an amended complaint that named the Rio Grande defendants in addition to the state defendants who were dismissed. The Court is perplexed how Defendants believe they could benefit from a stipulated order of dismissal that was not joined or stipulated to by the Rio Grande defendants. Thus, the Court finds that, despite any ambiguity in the Order of Dismissal, the action with respect to the Rio Grande defendants remains pending.

In the alternative, Defendants argue that Plaintiff failed to comply with FED. R. CIV. P. 4 which requires that a plaintiff effectuate service of process "within 120 days after the filing of the complaint" - in this case, March 2, 2000. Defendants were served on March 3, 2000, one day after the 120 day limit. The Second Circuit has held that where a plaintiff sends the summons, complaint, request for waiver and acknowledgment form and then personally serves the defendants who fails to return the acknowledgment, service is effectuated upon receipt of the initial mailing. *See Morse v. Elmira Country Club*, 752 F.2d 35, 39 (2nd Cir. 1984). Here plaintiff did send a summons and request for waiver to defendants on November 3, 1999, but received no response. It is not alleged that defendants had no notice of the pending lawsuit against them, merely that Defendants believed the lawsuit to be dismissed - a belief which the

3

Court has found was unreasonable.  Thus, the Court finds that defendants have not suffered any prejudice by the one day delay in the service of process.  In addition, the district court has discretion to extend the time for service, even if the plaintiff fails to show good cause.  *See Hendry v. Schneider,* 116 F.3d 446, 449 (10th Cir. 1997); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  In this case, the Court finds that plaintiff did make a good faith attempt to serve defendants within the prescribed time limits, but was frustrated by the process server who failed to make timely service.

## CONCLUSION

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendants Motion to Dismiss Plaintiff's Amended Complaint **[Doc. No. 9]** is **DENIED**.

**DATED** this 16th day of August, 2000.

_____
**MARTHA VÁZQUEZ**
**U. S. DISTRICT JUDGE**

Attorney for Plaintiff:
Joe Kennedy

Attorney for Defendant:
MacDonnell Gordon